IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **REGINALD WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-cv-995 |
| | § | |
| **CATERPILLAR LOGISTICS INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Reginald Williams ("Williams") and in support of his cause of action alleges as follows:

I.  PARTIES

1. Williams is a citizen of the state of Texas.

2. Defendant Caterpillar Logistics Inc. ("Defendant" or "Caterpillar") is a Delaware Corporation doing business in Texas at 2901 Gateway Blvd., Waco, Texas 76712.  Defendant may be served through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

II.  JURISDICTION AND VENUE

3. This action arises under United States Code, Title 42, §1981 *et seq*.

4. Venue properly lies in this Court because all acts and omissions giving rise to this claim took place in McLennan County, which is in the District and Division in which suit has been filed.

III.     FACTS SUPPORTING PLAINTIFF'S CLAIMS

5.     Williams is an African-American male who worked for Defendant as a Warehouse Associate.

6.     During Williams' employment with Defendant he was supervised by Team Lead Ricardo [Last Name Unknown] ("Ricardo"). Ricardo is a Hispanic male.

7.     On or about June 13, 2022, during a conversation with Ricardo and another employee, Jimmy Lee Vaughn ("Vaughn"), Ricardo stated that Williams learned to speak Spanish while working for a different company because he was upset that Hispanic employees were talking about him (Williams) in a derogatory manner. Ricardo then continued to explain that those employees were making derogatory comments about Williams because Williams is a "N-I-G-G-E-R". Ricardo laughed after he made these comments to Williams and Vaughn.

8.     Williams complained to Defendant's Human Resources ("HR") the next day, on or about June 14, 2022, to complain about Ricardo's racially-hostile comment. Williams specifically advised Defendant's HR that Vaughn was present for the offensive comment. After several days of not being contacted by HR, Vaughn (a White male) went to HR on his own and told them (via written statement) what he witnessed regarding Ricardo's racially-offensive comment. Vaughn asked why no one from HR had contacted him and he was told they were too busy.

9.     After Williams and Vaughn complained to HR both men were moved to the back of the warehouse away from their other co-workers. Upon information and belief, no disciplinary action was taken against Ricardo.

10.     Shortly after Defendant moved Williams to the back of the warehouse, Ricardo stated, in reference to Williams, "that motherfucker is going outside." Shortly thereafter,

Defendant moved Williams to work outside (in the Texas summer heat) for the first time during his tenure with Defendant.

11. In a separate incident involving Ricardo, Vaughn heard Ricardo say to another employee, Ralph Smith ("Smith") (an African-American male) to stop standing so close to him (Ricardo) and to step back because Ricardo did not want to catch any "black lice" from Smith (in reference to Smith's Afro styled hair). Vaughn asked Smith if Ricardo had made a racial comment to him. Ricardo overheard Vaughn and openly confirmed to Vaughn that he (Ricardo) did make a racial comment because, "I [Ricardo] don't like Black people or White people."

12. Vaughn reported the "black lice" incident to a supervisor, Brandon Turner. No action was taken by Defendant to discipline Ricardo after Vaughn's report.

13. In early July 2022, Williams' employment was terminated. He was told he was terminated for a safety violation; the alleged violation, however, is common practice in Defendant's facility and not cause for termination when done by other employees.

IV.   STATEMENT OF CLAIMS

*COUNT ONE:  HOSTILE WORK ENVIRONMENT/HARASSMENT IN VIOLATION OF 42 U.S.C. §1981*

14. Williams incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15. 42 U.S.C. § 1981 prohibits harassment by employers and supervisors where such harassment was motivated by race.

16. Williams was subjected to harassment by his supervisor Ricardo based on Williams' race.

17. Williams did not welcome Ricardo's conduct.

18. Ricardo's conduct was motivated by the fact that Williams is African-American.

19. Ricardo's conduct was so severe that a reasonable person in Williams' position would find his work environment hostile or abusive.

20. Williams did find his work environment hostile and abusive.

21. Despite knowledge of Ricardo's prior racially-offensive comments, Defendant took no steps to prevent or correct his behavior.  Defendant's failure to do so directly contributed to Williams' harm, as Ricardo's perceive impunity further emboldened him and led him to make his comments to and about Williams.

22. As a result of Defendant's actions, Williams suffered from and continues to suffer damages and hereby sues.

### COUNT TWO:  RETALIATION IN VIOLATION OF 42 U.S.C. §1981

23. Williams incorporates Paragraphs 1-22 above as if fully set forth herein.

24. 42 U.S.C. §1981 prohibits retaliation for engaging in protected activity.

25. Defendant retaliated against Williams for complaining to HR about Ricardo's "N-I-G-G-E-R" comment.

26. After Williams complained to HR about Ricardo, no action was taken against Ricardo and Ricardo retaliated against Williams.  Specifically, Ricardo reassigned Williams to work in the back of the warehouse.  Then Ricardo openly noted that Williams would be required to work outside in the Texas summer heat.  Finally, Defendant terminated Williams' employment for a fabricated reason.

27. Williams' complaint to Defendant's HR was the cause of Defendant's adverse employment actions and such actions were taken with the intent and effect of punishing Williams and deterring others from opposing Ricardo's racially-offensive conduct.

## V. REMEDIES

28. WHEREFORE, Williams prays that the Court grant him the following relief:

   a. Back pay and front pay in a precise amount to be determined by the jury;

   b. Compensatory damages against Defendant as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

   c. Punitive and exemplary damages, in a precise amount to be determined by the jury;

   d. Prejudgment and post-judgment interest;

   e. Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

   f. Such other relief as the Court shall deem just and proper.

## VI. JURY TRIAL DEMAND

Williams demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,

Carter Law Group, P.C.
5473 Blair Rd., Ste. 106
Dallas, TX 75231
(214) 390-4173 (Telephone)

By:   /s/ *Amy Carter*
      Amy Carter, Attorney
      State Bar No. 24004580
      amy@clgtrial.com

The Coles Firm

*/s/ Michael Coles*
Michael Coles, Attorney
Texas Bar No. 24007025
MikeC@colesfirm.com

**PLAINTIFF'S ORIGINAL COMPLAINT**  5

                                                    4925 Greenville Ave., Ste.200
Dallas, TX 75206
(214) 443-7860 (Telephone)

ATTORNEYS FOR PLAINTIFF